IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **STEPHEN DARBY**, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. **3:11-CV-1744-L** |
| | § |
| **GLENN DERICK WALTERS, and** | § |
| **USA TRUCK, INC.**, | § |
| | § |
| Defendants. | § |

**MEMORANDUM OPINION AND ORDER**

On July 21, 2011, Defendant USA Truck, Inc. ("USA Truck") removed this action to federal court from the 191st Judicial District Court, Dallas County, Texas, contending that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. The court, for the reasons set forth herein, *sua sponte* **remands** this action to the 191st Judicial District Court, Dallas County, Texas.

**I.   Background**

On June 9, 2011, Stephen Darby ("Darby" or "Plaintiff") filed this action against Glenn Derick Walters ("Walters") and USA Truck (collectively, "Defendants"). Darby sues as a result of a collision between his vehicle and one driven by Walters. According to Plaintiff's Original Petition ("the Petition"), Walters, while traveling east on LBJ Freeway in Dallas County, turned too sharply and struck a vehicle, knocking it into Plaintiff's vehicle. Walters was driving a vehicle owned by USA Truck. Darby contends that Defendants were negligent in several ways and that he suffered physical injuries as a result of their negligence. Specifically, the injuries for which Plaintiff seeks

damages are past and future physical pain and mental anguish; past and future medical expenses; lost wages; and loss of earning capacity.

## II.     Subject Matter Jurisdiction Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional

amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in

federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Discussion

With respect to contending that the amount in controversy exceeds $75,000, USA Truck states the following:

> Plaintiff alleges in his Petition that he sustained serious injuries, including 'aggravation of the body.' Plaintiff also alleges that he has suffered physical pain and mental anguish in the past and, in all reasonable probability, will suffer in the future. Plaintiff also alleges that he has incurred medical expenses in the past and will likely suffer medical expenses in the future. Finally, Plaintiff also alleges he has suffered lost wages and a loss of earning capacity. Based upon the severity of the injuries and anticipated future care alleged by Plaintiff, it is facially apparent that the amount in controversy exceeds $75,000.00 excluding interest and costs.

Notice of Removal ¶ 4. The court disagrees with USA Truck's conclusory statement that is "facially apparent" from the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

The question that the court must decide is whether the total claim for damages "is more likely than not" to exceed $75,000. *Allen,* 63 F.3d at 1336. The court cannot say that the amount of damages is likely to exceed $75,000. From what the court can ascertain, Plaintiff has alleged nothing more than "soft tissue" injuries. Nothing in the Petition states the amount of medical expenses that he had incurred at the time his suit was filed; nothing indicates that he suffered any broken or fractured bones; nothing indicates that he has undergone any surgery for his alleged injuries or that surgery is likely to occur; nothing indicates that there is any disfigurement or disability to Plaintiff; and nothing indicates the amount of time he has been off work or the amount of wages he has lost at the time of filing his lawsuit or will lose in the future. Further, there is no

allegation that Defendants were reckless or grossly negligent and corresponding request for exemplary or punitive damages. Nothing has been presented to the court as a point of reference for it to even make a reasonable inference that the threshold amount has been exceeded. For example, if the pleadings indicated the amount of medicals that Plaintiff had incurred or the amount of lost wages at the time of his suit, this would be a starting point from which the court could make some reasonable inferences about damages. Likewise, if the Petition had stated that Plaintiff had undergone some type of surgery, the court could make some reasonable inferences and common-sense conclusions, but, as previously stated, this type of information is lacking.

As stated previously, this action originated in state court. When the suit was thus filed, the Petition states that it "is governed by discovery control plan 2 under Rule 190.2 of the Texas Rules of Civil Procedure." Pl.'s Org. Pet. 1. Rule 190.2 governs cases involving $50,000 or less. From the filing of the initial suit, it appears that Plaintiff valued his claims at substantially less than the $75,000 threshold. The court believes that Plaintiff's classification of the case in his state court pleading is quite illustrative as to the amount in controversy.

It is possible that Plaintiff seeks more than $75,000, but given the paucity of any specific allegations regarding the amount of damages and in light of Plaintiff's classification of the amount in the Petition, USA Truck has not shown that Plaintiff seeks an amount greater than $75,000. Plaintiff's statement that he "suffered bodily injuries and/or aggravation of the body" does nothing to assist the court. Pl.'s Orig. Pet. 2. The jurisdictional threshold may not be met by the use of fancy or descriptive buzzwords when there are no underlying allegations to support the amount in controversy, or when the record provides no specific insight as to the amount of damages Plaintiff seeks. If this were the standard, virtually every case in which diversity existed would be removable

to federal court. At this juncture, a finding that the jurisdictional amount has been met would be sheer speculation, requiring the court to make a quantum leap of logic and to wade into a briar patch of guesswork. What USA Truck put before the court by way of conclusory statements and improper inferences is simply too slender of a reed to establish that the amount in controversy likely exceeds $75,000.

## IV. Conclusion

For the reasons herein stated, USA Truck has failed to meet its burden and establish that the amount in controversy more likely than not exceeds $75,000. Accordingly, the court **lacks** subject matter jurisdiction to hear this action and **remands** it to the 191st Judicial District Court, Dallas County, Texas, pursuant to 28 U.S.C. § 1447(c). The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 29th day of July, 2011.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge